*349 Breitel, J.
(dissenting). The dissenters do not dispute the rules of law stated on behalf of the majority. Disagreement, narrow but crucial, relates only to the failure of plaintiff to set forth on this motion for summary judgment the evidentiary facts establishing that it is able to prove that it gave defendant insurer notice of the claim made upon it by the contractor.
As quoted in the majority opinion all that plaintiff has ever said on this score is that: ‘ ‘ When the claim was made against the plaintiff, plaintiff notified the defendant, but the defendant did absolutely nothing to adjust or otherwise process the claim.” Any notification was denied by defendant. Plaintiff never stated the time when the notice was given, the content of the notice, the manner in which it was given, the place where given, or to whom. Particularly important would be the content of the notice, assuming that it was ever given. To advise the insurer that the contractor was asserting a claim generally would mean nothing, unless the details of the claim were described. Nor would the insurer know unless it were told that the contractor was withholding moneys due. Nor would the insurer be on notice to pursue an adjustment within a given time span unless it were also told what the time demands were by the contractor and what were the time and money pressures on plaintiff. All these essentials are omitted. To top it off, plaintiff does not describe the response it received to the undescribed notice it gave at an unspecified time and place to an undesignated person. The bare conclusory assertion would not suffice as a particular under a demand for a bill of particulars, let alone as evidentiary facts required to defeate a motion for summary judgment (Ehrlich v. American Moninger Greenhouse, 26 N Y 2d 255, 259; Kramer v. Harris, 9 A D 2d 282, 283).
. Accordingly, I dissent and vote to affirm the grant of summary judgment.
Chief Judge Fuld and Judges Scileppi and Gibson concur with Judge Bebgan ; Judge Bbbitbl dissents and votes to affirm in a separate opinion in which Judges Burke and Jasen concur.
Order reversed, with costs,, and the case remitted to Supreme Court, Bronx County, for further proceedings in accordance with the opinion herein.